IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATRINA WILSON,                                    Case No. 3:13-cv-01858-AA
                                                   OPINION AND ORDER
            Plaintiff,

      v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

            Defendant.
_____

MERRILL SCHNEIDER
Schneider, Kerr & Gibney Law Offices
P.O. Box 14490
Portland, Oregon 97293
      Attorney for plaintiff

S. AMANDA MARSHALL
RONALD K. SILVER
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

COURTNEY GARCIA
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
      Attorneys for defendant


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Katrina Wilson ("plaintiff") brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On July 15, 2010, plaintiff applied for DIB and SSI. Tr. 159-72. Her applications were denied initially and upon reconsideration. Tr. 99-107, 111-16. On May 24, 2012, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert. Tr. 31-60. On June 28, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 19-26. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 9-13.

## STATEMENT OF FACTS

Born November 19, 1958, plaintiff was 51 years old on the alleged onset date and 53 years old on the date of the hearing. Tr. 159, 166. She graduated high school and attended Clackamas Community College for a short time before quitting in 1981. Tr.

Page 2 - OPINION AND ORDER

35.    Plaintiff    worked    previously    as    a    customer    service
representative,    machine    operator,    and    photo    production
specialist. Tr. 197-204. Plaintiff alleges disability as of April
26, 2010, due to deteriorating hip joints, asthma, back problems,
arthritis, and diabetes. Tr. 47-48, 191.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is
based on proper legal standards and the findings are supported by
substantial evidence in the record. Hammock v. Bowen, 879 F.2d
498, 501 (9th Cir. 1989). Substantial evidence is "more than a
mere scintilla. It means such relevant evidence as a reasonable
mind    might    accept    as    adequate    to    support    a    conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and
internal quotations omitted). The court must weigh "both the
evidence that supports and detracts from the [Commissioner's]
conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.
1986). Variable interpretations of the evidence are insignificant
if the Commissioner's interpretation is rational. Burch v.
Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to
establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th
Cir. 1986). To meet this burden, the claimant must demonstrate an
"inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental

Page 3 - OPINION AND ORDER

impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner considers whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment, she is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f),

Page 4 - OPINION AND ORDER

416.920(f). If the claimant can perform her past work, she is not disabled; if a claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

At step one of the five-step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 26, 2010. Tr. 21. At step two, the ALJ determined that plaintiff had the following severe impairments: status post hip replacement and diabetes mellitus. Id. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 22.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform less than the full range of sedentary work:

> [s]he can lift ten pounds occasionally and less than 10 pounds frequently; she can stand and walk up to two out

of eight hours; she can occasionally stoop and bend, and she should not climb, balance, kneel, crouch, or crawl.

Id.

At step four, the ALJ found that plaintiff could perform her past relevant work as a customer service representative. Tr. 26. Accordingly, the ALJ concluded that plaintiff was not disabled under the Act. Id.

## DISCUSSION

Plaintiff contends the ALJ erred by: (1) rejecting the opinion of Jeffrey Young, D.O.; and (2) finding that she did not meet or medically equal listing 1.03 at step three.

## I. Medical Opinion Evidence

Plaintiff contends the ALJ failed to provide a legally sufficient reason, supported by substantial evidence, for discrediting the opinion of Dr. Young. There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons supported by substantial evidence in the record. Id.

Page 6 - OPINION AND ORDER

In 2004, plaintiff initiated care with Dr. Young; he treated her approximately once per month for asthma, diabetes, and leg and back pain associated with her hip impairments. Tr. 250-308. In May 2012, Dr. Young completed a questionnaire prepared by plaintiff's attorney. Tr. 460-62. In this three-page check-the-box form, Dr. Young indicated that plaintiff suffers from back, leg, and hip pain, and would need to alternate between sitting, standing, and lying down approximately every 30 minutes. Tr. 460. He also opined that plaintiff's symptoms would likely increase in a competitive work environment; she would be expected to miss two full work days per month due to "flares of pain." Id. In regard to plaintiff's alleged peripheral neuropathy, Dr. Young noted that "specific treatment has not been tried" and he was "unsure" whether this condition existed. Tr. 461. Finally, Dr. Young opined that plaintiff did not need a hand-held assistive device to ambulate effectively. Id.

The ALJ gave "limited weight" to Dr. Young's opinion for two reasons. First, the ALJ rejected Dr. Young's limitation that plaintiff would need to alternate positions every 30 minutes because her testimony did not indicate any difficulty with sitting for extended periods. Tr. 24. Second, the ALJ found Dr. Young's opinion that plaintiff would need to miss work two days per month inconsistent with the medical records, which reflected that plaintiff's hip pain improved since surgery. Id. An ALJ may

Page 7 - OPINION AND ORDER

discount a medical report that is inconsistent with the other evidence of the record, including the doctor's own chart notes or the claimant's testimony. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999).

An independent review of Dr. Young's brief and conclusory opinion confirms that his assessed limitations are contravened by plaintiff's testimony and the other evidence of record. First, as the ALJ observed, there is an absence of evidence indicating that plaintiff is unable to sit for a significant amount of time or must frequently change positions. Notably, she can perform household chores, drive to appointments, dance to music for exercise, watch movies, play video games, and do embroidery.[1] Tr. 24, 40-41, 45, 213-20. The ALJ reasonably resolved that these activities evince the ability to engage in sedentary work. Moreover, plaintiff testified at the hearing that she could return to her previous job if given sufficient restroom breaks. Tr. 47, 54. Plaintiff did not indicate any difficulty performing the sitting, standing, and walking requirements for her past relevant work as a customer service representative.

Plaintiff's treatment records also demonstrate significant improvement since her October 26, 2010, surgery. Two weeks post-

---

[1] Significantly, the ALJ relied on plaintiff's activities of daily living to reject her subjective symptom testimony and plaintiff does not challenge this finding on appeal. Tr. 23; see generally Pl.'s Opening Br.; Pl.'s Reply Br.

surgery, plaintiff needed crutches to walk, whereas Dr. Young noted, as of September 2011, that she could ambulate effectively without an assistive device. Tr. 458, 461. Plaintiff's ten-week post-operative report reveals that she recovered well, showing increased strength and range of motion. Tr. 384. As such, she reported being "very happy with her left hip." Id. Dr. Young's opinion that plaintiff's pain would interfere with her ability to attend work consistently is further undermined by her daily activities and her admission at the hearing that she was capable of performing the physical requirements of her past relevant work. Tr. 46-47, 54, 205-20.

In sum, the ALJ provided legally sufficient reasons, supported by substantial evidence, to disregard some of Dr. Young's evaluation. The ALJ's assessment of Dr. Young's opinion is affirmed.

II. Step Three Finding

Plaintiff also argues that the ALJ erred by failing to find that she met or equaled listing 1.03. To establish a listed impairment at step three, the claimant must demonstrate that "all of the specified medical criteria [are met]." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Listing 1.03 requires that a claimant undergo "[r]econstructive surgery or surgical arthrodesis of a major

Page 9 - OPINION AND ORDER

weight-bearing joint, with [the] inability to ambulate effectively, as defined in 1.00(B)(2)(b), . . . within 12 months of onset." 20 C.F.R. § 404, Subpt. P, App. 1 § 1.03. To establish ineffective ambulation, the claimant must demonstrate:

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00(J)) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. § 404, Subpt. P, App. 1 § 1.00(B)(2)(b). In other words, "to ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living [and] have the ability to travel without companion assistance to and from a place of employment or school." Id.

At step three, the ALJ expressly considered listing 1.03 but found that plaintiff did not meet or equal it because "treatment records do not reflect that [plaintiff] is unable to ambulate effectively on a sustained basis [or that she] was unable to return to effective ambulation within twelve months of onset." Tr. 22.

Here, the record supports the ALJ's conclusion. Plaintiff testified at the hearing that she can navigate her apartment and other "short distances" without use of an assistive device; for

Page 10 - OPINION AND ORDER

longer distances, she "take[s] [her] cane" because she does not feel as "stable or comfortable without it." Tr. 46. As noted above, plaintiff's treating doctor, Dr. Young, opined that she did not need a hand-held assistive device to ambulate effectively. Tr. 461. Also as noted above, plaintiff independently carries out her activities of daily living. Specifically, she can shop, drive, and perform limited household chores, such as cooking and cleaning. Tr. 205-11, 214; see also Roybal v. Colvin, 2013 WL 4768033, *9 (C.D.Cal. Sept. 4, 2013) (affirming the ALJ's step three finding where the claimant's activities of daily living demonstrated the ability to ambulate effectively and the claimant's medical providers did not indicate that an assistive device was warranted). The ALJ's step three finding is affirmed.

### CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED

Dated this _____ of October 2014.

_____
Ann Aiken
United States District Judge

Page 11 - OPINION AND ORDER